CAME TO HAND: 6/1/16
DELIVERED: 6/1/16
by: [signature]

## SUMMONS

Attorney(s) __Karpf, Karpf & Cerutti, P.C.__
Office Address __3331 Street Road__
Town, State, Zip Code __Two Greenwood Square, Suite 128__
__Bensalem, PA 19020__
Telephone Number __(215) 639-0801__
Attorney(s) for Plaintiff __Ari R. Karpf, Esq.__

Eugene DiGiovacchino

Plaintiff(s)

Vs.

Associated Pipe Line, Inc., et al.

Defendant(s)

### Superior Court of New Jersey

__Gloucester__ COUNTY
__Law__ DIVISION
Docket No: __GLO-L-650-16__

## CIVIL ACTION
## SUMMONS

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/pro se/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $135.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

/s/ Jennifer M. Perez
Clerk of the Superior Court

DATED: __5/31/2016__

Name of Defendant to Be Served: __Associated Pipe Line Contractors, Inc.__

Address of Defendant to Be Served: __3535 Briarpark Drive, Suite 135, Houston, TX 77042__

Revised 09/04/2012, CN 10792-English (Appendix XII-A)

## Directory of Superior Court Deputy Clerk's Offices
## County Lawyer Referral and Legal Services Offices

**ATLANTIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., First Fl.
Atlantic City, NJ 08401

LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

**BERGEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Room 115
Justice Center, 10 Main St.
Hackensack, NJ 07601

LAWYER REFERRAL
(201) 488-0044
LEGAL SERVICES
(201) 487-2166

**BURLINGTON COUNTY:**
Deputy Clerk of the Superior Court
Central Processing Office
Attn: Judicial Intake
First Fl., Courts Facility
49 Rancocas Rd.
Mt. Holly, NJ 08060

LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(800) 496-4570

**CAMDEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Processing Office
Hall of Justice
1st Fl., Suite 150
101 South 5th Street
Camden, NJ 08103

LAWYER REFERRAL
(856) 964-4520
LEGAL SERVICES
(856) 964-2010

**CAPE MAY COUNTY:**
Deputy Clerk of the Superior Court
9 N. Main Street
Cape May Court House, NJ 08210

LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

**CUMBERLAND COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
60 West Broad Street
P.O. Box 10
Bridgeton, NJ 08302

LAWYER REFERRAL
(856) 696-5550
LEGAL SERVICES
(856) 691-0494

**ESSEX COUNTY:**
Deputy Clerk of the Superior Court
Civil Customer Service
Hall of Records, Room 201
465 Dr. Martin Luther King Jr. Blvd.
Newark, NJ 07102

LAWYER REFERRAL
(973) 622-6204
LEGAL SERVICES
(973) 624-4500

| | |
|---|---|
| **GLOUCESTER COUNTY:**<br>Deputy Clerk of the Superior Court<br>Civil Case Management Office<br>Attn: Intake<br>First Fl., Court House<br>1 North Broad Street<br>Woodbury, NJ 08096 | LAWYER REFERRAL<br>(856) 848-4589<br>LEGAL SERVICES<br>(856) 848-5360 |
| **HUDSON COUNTY:**<br>Deputy Clerk of the Superior Court<br>Superior Court, Civil Records Dept.<br>Brennan Court House--1st Floor<br>583 Newark Ave.<br>Jersey City, NJ 07306 | LAWYER REFERRAL<br>(201) 798-2727<br>LEGAL SERVICES<br>(201) 792-6363 |
| **HUNTERDON COUNTY:**<br>Deputy Clerk of the Superior Court<br>Civil Division<br>65 Park Avenue<br>Flemington, NJ 08822 | LAWYER REFERRAL<br>(908) 735-2611<br>LEGAL SERVICES<br>(908) 782-7979 |
| **MERCER COUNTY:**<br>Deputy Clerk of the Superior Court<br>Local Filing Office, Courthouse<br>175 S. Broad Street, P.O. Box 8068<br>Trenton, NJ 08650 | LAWYER REFERRAL<br>(609) 585-6200<br>LEGAL SERVICES<br>(609) 695-6249 |
| **MIDDLESEX COUNTY:**<br>Deputy Clerk of the Superior Court,<br>Middlesex Vicinage<br>2nd Floor - Tower<br>56 Paterson Street, P.O. Box 2633<br>New Brunswick, NJ 08903-2633 | LAWYER REFERRAL<br>(732) 828-0053<br>LEGAL SERVICES<br>(732) 249-7600 |
| **MONMOUTH COUNTY:**<br>Deputy Clerk of the Superior Court<br>Court House<br>P.O. Box 1269<br>Freehold, NJ 07728-1269 | LAWYER REFERRAL<br>(732) 431-5544<br>LEGAL SERVICES<br>(732) 866-0020 |
| **MORRIS COUNTY:**<br>Morris County Courthouse<br>Civil Division<br>Washington and Court Streets<br>P. O. Box 910<br>Morristown, NJ 07963-0910 | LAWYER REFERRAL<br>(973) 267-5882<br>LEGAL SERVICES<br>(973) 285-6911 |
| **OCEAN COUNTY:**<br>Deputy Clerk of the Superior Court<br>118 Washington Street, Room 121<br>P.O. Box 2191<br>Toms River, NJ 08754-2191 | LAWYER REFERRAL<br>(732) 240-3666<br>LEGAL SERVICES<br>(732) 341-2727 |

| | |
|---|---|
| **PASSAIC COUNTY:**<br>Deputy Clerk of the Superior Court<br>Civil Division<br>Court House<br>77 Hamilton Street<br>Paterson, NJ 07505 | LAWYER REFERRAL<br>(973) 278-9223<br>LEGAL SERVICES<br>(973) 523-2900 |
| **SALEM COUNTY:**<br>Deputy Clerk of the Superior Court<br>Attn: Civil Case Management Office<br>92 Market Street<br>Salem, NJ 08079 | LAWYER REFERRAL<br>(856) 935-5629<br>LEGAL SERVICES<br>(856) 451-0003 |
| **SOMERSET COUNTY:**<br>Deputy Clerk of the Superior Court<br>Civil Division<br>P.O. Box 3000<br>40 North Bridge Street<br>Somerville, N.J. 08876 | LAWYER REFERRAL<br>(908) 685-2323<br>LEGAL SERVICES<br>(908) 231-0840 |
| **SUSSEX COUNTY:**<br>Deputy Clerk of the Superior Court<br>Sussex County Judicial Center<br>43-47 High Street<br>Newton, NJ 07860 | LAWYER REFERRAL<br>(973) 267-5882<br>LEGAL SERVICES<br>(973) 383-7400 |
| **UNION COUNTY:**<br>Deputy Clerk of the Superior Court<br>1st Fl., Court House<br>2 Broad Street<br>Elizabeth, NJ 07207-6073 | LAWYER REFERRAL<br>(908) 353-4715<br>LEGAL SERVICES<br>(908) 354-4340 |
| **WARREN COUNTY:**<br>Deputy Clerk of the Superior Court<br>Civil Division Office<br>Court House<br>413 Second Street<br>Belvidere, NJ 07823-1500 | LAWYER REFERRAL<br>(973) 267-5882<br>LEGAL SERVICES<br>(908) 475-2010 |

<u>Appendix XII-B1</u>     **COPY**



# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial Law Division
Civil Part pleadings (not motions) under *Rule* 4:5-1
**Pleading will be rejected for filing, under *Rule* 1:5-6(c),
if information above the black bar is not completed
or attorney's signature is not affixed**

| FOR USE BY CLERK'S OFFICE ONLY | |
|---|---|
| PAYMENT TYPE: | ☐ CK ☐ CG ☐ CA |
| CHG/CK NO. | |
| AMOUNT: | |
| OVERPAYMENT: | |
| BATCH NUMBER: | |

| ATTORNEY / PRO SE NAME | TELEPHONE NUMBER | COUNTY OF VENUE |
|---|---|---|
| Ari R. Karpf, Esq. | (215) 639-0801 | Gloucester |

| FIRM NAME (if applicable) | DOCKET NUMBER (when available) |
|---|---|
| Kaprf, Karpf & Cerutti, P.C. | L-650-16 |

| OFFICE ADDRESS | DOCUMENT TYPE |
|---|---|
| 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020 | Complaint |
| | JURY DEMAND ☒ YES ☐ NO |

| NAME OF PARTY (e.g., John Doe, Plaintiff) | CAPTION |
|---|---|
| Eugene DiGiovacchino, Plaintiff | Eugene DiGiovacchino v. Associated Pipe Line, Inc., et al. |

| CASE TYPE NUMBER (See reverse side for listing) | HURRICANE SANDY RELATED? | IS THIS A PROFESSIONAL MALPRACTICE CASE? ☐ YES ☒ NO |
|---|---|---|
| 618 | ☐ YES ☒ NO | IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53 A -27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |

| RELATED CASES PENDING? ☐ YES ☒ No | IF YES, LIST DOCKET NUMBERS |
|---|---|

| DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)? ☐ YES ☒ No | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known) ☐ NONE ☒ UNKNOWN |
|---|---|

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP? ☒ Yes ☐ No | IF YES, IS THAT RELATIONSHIP: ☒ EMPLOYER/EMPLOYEE ☐ FRIEND/NEIGHBOR ☐ OTHER (explain) ☐ FAMILIAL ☐ BUSINESS |
|---|---|

| DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY? | ☒ YES ☐ No |
|---|---|

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION

RECEIVED
MAY 24 2016
SUPERIOR COURT OF NJ
GLO. COUNTY CIVIL PART

RECEIVED & FILED
MAY 17 2016
SUPERIOR COURT OF NJ
GLO COUNTY CIVIL PART

| ♿ DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS? ☐ YES ☒ No | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
|---|---|
| WILL AN INTERPRETER BE NEEDED? ☐ YES ☒ No | IF YES, FOR WHAT LANGUAGE? |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

ATTORNEY SIGNATURE: _____

Effective12-07-2015, CN 10517-English    page 1 of 2

Side 2 

# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under *Rule* 4:5-1

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

### Track I - 150 days' discovery
- 151 NAME CHANGE
- 175 FORFEITURE
- 302 TENANCY
- 399 REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
- 502 BOOK ACCOUNT (debt collection matters only)
- 505 OTHER INSURANCE CLAIM (including declaratory judgment actions)
- 506 PIP COVERAGE
- 510 UM or UIM CLAIM (coverage issues only)
- 511 ACTION ON NEGOTIABLE INSTRUMENT
- 512 LEMON LAW
- 801 SUMMARY ACTION
- 802 OPEN PUBLIC RECORDS ACT (summary action)
- 999 OTHER (briefly describe nature of action)

### Track II - 300 days' discovery
- 305 CONSTRUCTION
- 509 EMPLOYMENT (other than CEPA or LAD)
- 599 CONTRACT/COMMERCIAL TRANSACTION
- 603N AUTO NEGLIGENCE – PERSONAL INJURY (non-verbal threshold)
- 603Y AUTO NEGLIGENCE – PERSONAL INJURY (verbal threshold)
- 605 PERSONAL INJURY
- 610 AUTO NEGLIGENCE – PROPERTY DAMAGE
- 621 UM or UIM CLAIM (includes bodily injury)
- 699 TORT – OTHER

### Track III - 450 days' discovery
- 005 CIVIL RIGHTS
- 301 CONDEMNATION
- 602 ASSAULT AND BATTERY
- 604 MEDICAL MALPRACTICE
- 606 PRODUCT LIABILITY
- 607 PROFESSIONAL MALPRACTICE
- 608 TOXIC TORT
- 609 DEFAMATION
- 616 WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
- 617 INVERSE CONDEMNATION
- 618 LAW AGAINST DISCRIMINATION (LAD) CASES

### Track IV - Active Case Management by Individual Judge / 450 days' discovery
- 156 ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
- 303 MT. LAUREL
- 508 COMPLEX COMMERCIAL
- 513 COMPLEX CONSTRUCTION
- 514 INSURANCE FRAUD
- 620 FALSE CLAIMS ACT
- 701 ACTIONS IN LIEU OF PREROGATIVE WRITS

### Multicounty Litigation (Track IV)
- 271 ACCUTANE/ISOTRETINOIN
- 274 RISPERDAL/SEROQUEL/ZYPREXA
- 278 ZOMETA/AREDIA
- 279 GADOLINIUM
- 281 BRISTOL-MYERS SQUIBB ENVIRONMENTAL
- 282 FOSAMAX
- 285 STRYKER TRIDENT HIP IMPLANTS
- 286 LEVAQUIN
- 287 YAZ/YASMIN/OCELLA
- 288 PRUDENTIAL TORT LITIGATION
- 289 REGLAN
- 290 POMPTON LAKES ENVIRONMENTAL LITIGATION
- 291 PELVIC MESH/GYNECARE
- 292 PELVIC MESH/BARD
- 293 DEPUY ASR HIP IMPLANT LITIGATION
- 295 ALLODERM REGENERATIVE TISSUE MATRIX
- 296 STRYKER REJUVENATE/ABG II MODULAR HIP STEM COMPONENTS
- 297 MIRENA CONTRACEPTIVE DEVICE
- 299 OLMESARTAN MEDOXOMIL MEDICATIONS/BENICAR
- 300 TALC-BASED BODY POWDERS
- 601 ASBESTOS
- 623 PROPECIA

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics."

Please check off each applicable category   ☐ Putative Class Action   ☐ Title 59

Effective 12-07-2015, CN 10517-English                                                            page 2 of 2

**KARPF, KARPF & CERUTTI, P.C.**
By: Ari R. Karpf, Esq.
3331 Street Road, Bldg. 2, Ste. 128
Two Greenwood Square
Bensalem, PA 19020
P - (215) 639-0801
F - (215) 639-4970

| | |
|---|---|
| EUGENE DIGIOVACCHINO<br>820 Spruce Street<br>Paulsboro, NJ 08066<br><br>Plaintiff,<br><br>v.<br><br>ASSOCIATED PIPE LINE, INC.<br>3535 Briarpark Drive, STE 135<br>Houston, TX 77042<br>and<br>ASSOCIATED PIPE LINE<br>CONTRACTORS, INC.<br>3535 Briarpark Drive, STE 135<br>Houston, TX 77042<br>and<br>CHARLES BEDDINGFIELD<br>c/o Associated Pipe Line, Inc.<br>3535 Briarpark Drive, STE 135<br>Houston, TX 77042<br>and<br>BRAD SUNDLING<br>c/o Associated Pipe Line, Inc.<br>3535 Briarpark Drive, STE 135<br>Houston, TX 77042<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>GLOUCESTER COUNTY - LAW DIV.<br><br>CIVIL ACTION<br><br>DOCKET NO.: L 650-16<br><br>**COMPLAINT WITH JURY DEMAND**<br><br>RECEIVED & FILED<br>MAY 17 2016<br>SUPERIOR COURT OF NJ<br>GLO. COUNTY CIVIL PART |

## CIVIL ACTION COMPLAINT

Plaintiff Eugene DiGiovacchino (hereinafter referred to as "Plaintiff" unless specified otherwise) hereby complain as follows against the above-captioned Defendants.

## I. INTRODUCTION

1. Plaintiff has initiated the instant action to redress violations by Defendants Associated Pipe Line, Inc., Associated Pipe Line Contractors, Inc., Charles Beddingfield, and Brad Sundling (hereinafter collectively referred to as "Defendants" unless specified otherwise) of the New Jersey Common Law and the New Jersey Law Against Discrimination (LAD - N.J.S.A. 10:5-12). Plaintiff asserts that he was unlawfully terminated for pursing workers' compensation claims, because of such injuries, in retaliation for requesting accommodations and/or in retaliation for reporting illegal activity.

## II. PARTIES

2. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

3. Plaintiff is an adult individual and citizen of New Jersey with an address as set forth in the above caption.

4. Defendant Associated Pipe Line, Inc. is a domestic, for-profit business incorporated in the State of Texas and headquartered at the above-captioned address which provides pipeline installation services to a variety of clients throughout the world.

5. Defendant Associated Pipe Line Contractors, Inc.[1] is a domestic, for-profit business incorporated under the laws of Delaware and headquartered at the above-captioned address which provides pipeline installation services to a variety of clients throughout the world.

6. Upon information and belief, because of their interrelation of operations, common ownership or management, centralized control of labor relations, common ownership or financial controls, and other factors, Defendant Entities are sufficiently interrelated and integrated in their

---

[1] Defendant Associated Pipe Line, Inc. and Defendant Associated Pipe Line Contractors, Inc. are hereinafter collectively referred to as "Defendant Entities" unless specified otherwise.

2

activities, labor relations, ownership and management that they may be treated as a single and/or joint employer for purposes of the instant action.

7. Although Defendant Entities are headquartered in Texas, Defendant Entities operate throughout the world including in New Jersey where Plaintiff was employed by Defendants.

8. Defendant Charles Beddingfield (hereinafter "Defendant Beddingfield") is a high-level supervisor/manager and Welding Foreman of Defendant Entities, provided direct supervision to Plaintiff during his employment for Defendant Entities and was a high-level manager and operator of Defendant Entities who was responsible for overseeing, managing, and terminating Plaintiff.

9. Defendant Brad Sundling (hereinafter "Defendant Sundling")[2] is a high-level supervisor/manager and Safety Inspector of Defendant Entities, provided direct supervision to Plaintiff during his employment for Defendant Entities and was a high-level manager and operator of Defendant Entities who was responsible for overseeing, managing, and terminating Plaintiff.

10. At all times relevant herein, Defendants' agents acted at the direction of and/or for the benefit of Defendants in the course and scope of their employment.

### III. FACTUAL BACKGROUND

11. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

12. On or about April 9, 2015, Defendants hired Plaintiff as a Welder Helper on the Columbia Gas pipeline project in southern New Jersey.

13. As a Welder Helper, Plaintiff's primary job duty was to prepare pipe for welding.

---

[2] Defendant Beddingfield and Defendant Sundling are hereinafter collectively referred to as "Defendant Individuals" unless otherwise indicated.

3

14. For the first approximately two (2) weeks of Plaintiff's employment with Defendant, Plaintiff was on amicable terms with Defendant Sundling.

15. On or about April 20, 2015, Defendant Beddingfield was assigned as the new welding foreman on Plaintiff's jobsite.

16. On or about April 24, 2015, Plaintiff observed Defendant Beddingfield spill a diesel fuel additive onto the ground.

17. Plaintiff confronted Defendant Beddingfield and asked if he intended to report the aforementioned spill to OSHA as Plaintiff understood it to be mandatory to report such spills to OSHA.

18. Plaintiff also reported the aforementioned spill to Defendant Sundling.

19. Defendant Sundling told Plaintiff to quit making big things out of nothing.

20. On or about April 25, 2015, Plaintiff observed corrosion and deep pitting on the interior wall of a pipe that he was preparing for welding.

21. Plaintiff immediately informed Defendant Beddingfield and Defendant Sundling after discovering the aforementioned corrosion and pitting on the pipe.

22. Plaintiff insisted that the aforementioned corroded pipe needed further inspection before installation or it could be in violation of regulations from both OSHA and the EPA.

23. Defendant Sundling became infuriated with Plaintiff's aforementioned reference to OSHA and the EPA.

24. On or about April 28, 2015, Plaintiff suffered a work-related injury to his elbow while moving pipe.

25. Plaintiff was examined by a workers' compensation panel physician on the same day that he was injured (thereby initiating a workers' compensation claim).

26. After Plaintiff's aforementioned examination, he was released to work only "light duty" (a reasonable accommodation).

27. Plaintiff was not medically cleared to work without restrictions, so Defendants ordered Plaintiff to sit in the office each day without performing any work until he was medically cleared.

28. Defendants' management told Plaintiff that he was being made to sit in the office because if he was out of work, the injury would have to be reported to OSHA.

29. On or about April 29, 2015, Plaintiff overheard Defendant Beddingfield and Defendant Sundling having a conversation about how they did not want OSHA to come to the job site because of Plaintiff's "distractions."

30. Plaintiff was medically cleared to return to work on or about May 5, 2015.

31. Despite that Plaintiff was medically cleared to return to work, Defendants still ordered Plaintiff to sit in the office or yard without performing any work.

32. On or about May 8, 2015, Defendant Sundling terminated Plaintiff's employment.

33. Defendant Sundling initially told Plaintiff that he was being terminated because other employees had concerns for their personal safety.

34. Plaintiff repeatedly asked Defendant Sundling to explain why anybody would be concerned for their safety as he had not done anything that would cause individuals to be concerned.

35. In response to Plaintiff's questioning about the basis for the termination, Sundling eventually told Plaintiff that Plaintiff was right, but he just needed to "let it go."

36. Plaintiff believes and therefore avers that proffered reason for his termination was completely pretextual and that Defendants actually terminated his employment in retaliation for

5

making reports of illegal activity, because he availed himself of workers' compensation, because of his injuries, and/or in retaliation for requesting/utilizing accommodations.

### First Cause of Action
### *Pierce* Common-Law Wrongful Termination
### (Workers' Compensation Retaliation - Wrongful Termination)
### Against Defendant Entities Only

37. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

38. New Jersey maintains common-law protections for employees terminated for opposing unlawful acts, refusing to commit crimes, and who are terminated for violations of public policy.

39. It is against New Jersey's public policy for an employee to be terminated for making a worker's compensation claim and/or seeking workers compensation benefits. *Stewart v. County of Hudson*, 2011 N.J. Super. Unpub. LEXIS 1965, 34 (App.Div. July 22, 2011).

40. Plaintiff suffered a work-related injury and sought benefits under the workers' compensation laws.

41. Defendants terminated Plaintiff's employment mere days after he was cleared to return to work following his workers' compensation claim.

42. Plaintiff was terminated in retaliation for availing himself of the workers' compensation laws of this state.

43. Such actions are a violation of *Pierce* Common Law in the state of New Jersey.

## Second Cause of Action
### Violations of the New Jersey Law against Discrimination ("LAD")
### (Discrimination and Retaliation - Wrongful Termination)
### Against All Defendants

44. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

45. Plaintiff suffered a work-related injury to his elbow.

46. Plaintiff's work-related injury caused him physical limitations.

47. Plaintiff requested accommodations in accordance with these limitations including but not limited to light-duty.

48. Plaintiff was not sent home or given light duty, he merely was ordered to sit on the job site with no work to perform.

49. Even after being cleared with no restrictions, Defendants continued to require Plaintiff to sit on the job site without performing work (apparently either because they perceived him to be disabled or in retaliation for requesting an accommodation).

50. Plaintiff was terminated very soon after requesting/utilizing medical accommodations.

51. Plaintiff was also terminated very soon after notifying his employer of his injury and limitations.

52. Plaintiff was terminated because of health conditions and/or in retaliation for requesting/utilizing medical accommodations.

53. Defendant Individuals are individually liable because, upon information and belief, they jointly made the decision to terminate Plaintiff in retaliation for the aforesaid protected activities.

7

### Third Cause of Action
### *Pierce* Common - Law Wrongful Termination
### (Retaliation - Wrongful Termination)
### Against Defendant Entities Only

54. It is against public policy to terminate an employee for complaining of unsafe working conditions.

55. Plaintiff was terminated in retaliation for complaints that EPA and OSHA safety regulations were not being followed.

56. Such actions are a violation of *Pierce* Common Law in the state of New Jersey.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendants are to promulgate and adhere to a policy prohibiting sexual harassment, retaliation, and illegal pay practices in the workplace;

B. Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to overtime wages, past lost earnings, future lost earnings, salary, pay increases, bonuses, insurance, benefits, training, promotions, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date their employment was first terminated until the date of verdict;

C. Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused by Defendants' actions;

D. Plaintiff is to be awarded punitive and/or liquidated damages in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious, and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

E.  Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate;

F.  Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law in addition to any multiplier(s) that this Court might find applicable;

G.  This Court should maintain jurisdiction over the instant action to ensure full compliance with its Orders therein until such time it is satisfied that its Orders and dictates have been complied with in full by Defendants;

H.  Plaintiff' claims are to receive a trial by jury to the extent allowed by applicable law.

                      Respectfully submitted,

                      **KARPF, KARPF & CERUTTI, P.C.**

By: _____
      Ari R. Karpf, Esquire

Dated: May 13, 2016

9

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

                KARPF, KARPF & CERUTTI, P.C.

By: _____
           Ari R. Karpf, Esquire

## RULE 4:5-1 CERTIFICATION

1.    I am licensed to practice law in New Jersey, and I am responsible for the above-captioned matter.

2.    I am aware of no other matter currently filed or pending in any court in any jurisdiction which may affect the parties or matters described herein.

                KARPF, KARPF & CERUTTI, P.C.

By: _____
           Ari R. Karpf, Esquire

## DESIGNATION OF TRIAL COUNSEL

Ari R. Karpf, Esquire, of the law firm of Karpf, Karpf & Cerutti, P.C, is hereby designated trial counsel.

                KARPF, KARPF & CERUTTI, P.C.

By: _____
           Ari R. Karpf, Esquire

```
GLOUCESTER COUNTY COURTHOUSE
GLOUCESTER COUNTY CIVIL DIVISION
1 NORTH BROAD ST
WOODBURY          NJ 08096
                                        TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (856) 853-3232
COURT HOURS  8:30 AM - 4:30 PM

                            DATE:   MAY 26, 2016
                            RE:     DIGIOVACCHINO VS ASSOCIATED PIPE LINE INC
                            DOCKET: GLO L -000650 16

     THE ABOVE CASE HAS BEEN ASSIGNED TO:   TRACK 3.

     DISCOVERY IS   450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON DAVID W. MORGAN

     IF YOU HAVE ANY QUESTIONS, CONTACT TEAM    102
AT:  (856) 853-3454.

     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                            ATTENTION:
                                     ATT: ARI R. KARPF
                                     KARPF KARPF & CERUTTI PC
                                     TWO GREENWOOD SQUARE
                                     3331 STREET ROAD  SUITE 128
                                     BENSALEM          PA 19020

JUHKAM0
```